IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                              )<br>            Plaintiff,                    )<br>                                              )<br>       v.                                     )<br>                                              )<br>JOHN THOMAS HOREJS, and  )<br>ELAINE SHERYL HOREJS,     )<br>                                              )<br>            Defendants.              )<br>_____) | Case No. CR-02-266-E-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it defendants' motion to continue the trial in this case, now set for July 17, 2006. Defendants request that the trial be moved to sometime after September 15, 2006. The Court held a telephone conference with all counsel and the defendants on June 1, 2006, and took the motion under advisement. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

The indictment in this case was filed December 13, 2005, and contains six counts. Count One charges that the defendant obstructed the IRS, alleging that, among other things, the defendants filed false and fraudulent tax returns. Counts Two through Six allege that the defendants failed to file tax returns for the years

**Memorandum Decision and Order - Page 1**

1998 through 2002, respectively.

The defendants were arraigned on January 25, 2006, and informed the Court that they would represent themselves. Trial was set for March 27, 2006. At a *Faretta* hearing held on March 9, 2005, the defendants agreed that they do need counsel, and thus Steven Richert was appointed to represent Elaine Horejs and Scott McKay was appointed to represent John Horejs.

On March 14, 2006, defendant John Horejs moved for a continuance. His counsel Scott McKay filed an affidavit stating that he had just received 10,000 documents from the Government, and could not be ready for trial in two weeks. He requested a continuance until July 17, 2006.

The Court granted that motion and trial was continued to July 17, 2006. On May 23, 2006, defendants filed their second motion for a continuance, seeking a continuance until sometime after September 15, 2006.

The first ground set forth in the affidavit of counsel for John Horejs is that he has received 10,000 pages of financial records from the Government. While this is a large amount of material, defense counsel used this ground to obtain the first continuance. By the time of trial, he will have had four months to review the documents. Thus, these 10,000 documents do not warrant a new trial date.

Defense counsel also asserts that he received 150 pages of additional

**Memorandum Decision and Order - Page 2**

discovery "consisting of Jenks Act material, Memoranda of Interviews prepared by the Internal Revenue Service and grand jury transcripts from this case."  Of course, the Government was not required to provide the Jenks Act material prior to trial, and there is no authority cited that would allow defendants to take advantage of the Government's accomodation to them.  Taking out the Jenks material, the other material is not voluminous enough to warrant a continuance.

     Defense counsel also states that the Government "still intends to produce to defense counsel cassette tapes containing recorded statements made by Mr. and Mrs. Horejs and to identify and provide the required disclosures concerning an expert witness that it intends to call at trial."  On May 25, 2006, the Government provided notice of a summary expert, and detailed the nature of her expected testimony.  The defense has almost two months to prepare for this witness, and hence this cannot justify a continuance.  With regard to the cassette tapes, the Government expected to provide them by late May or early June, and they merely consist of the defendants' own phone messages.

     Finally, defense counsel states that the volume of this discovery combined with the complex nature of the charges and their long time-frame, justify a continuance.  The charges are not complex, however, and the discovery, as explained above, is not voluminous.  The justifications cited by counsel do not

**Memorandum Decision and Order - Page 3**

support a trial continuance.

Certainly the Court may consider a renewed motion to continue if the Government provides further discovery not yet identified to the defendants between now and the trial date. Moreover, defense counsel are hereby notified that the Court will liberally authorize the payment of CJA funds to retain investigators, forensic accountants and other experts reasonably necessary to assist defense counsel in their interviewing of witnesses, review of documents, and general trial preparation.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to vacate and reschedule trial and pretrial conference (Docket No. 46) is DENIED.

DATED: **June 2, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - Page 4**